Robert C. WOODROFFE, Petitioner—Appellant,

v.

Robert O. LAMPERT, Respondent—Appellee.

No. 04–35741.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2005.[*]

Decided July 26, 2005.

Thomas J. Hester, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: RYMER and KLEINFELD, Circuit Judges, and WEINER,[**] District Judge.

MEMORANDUM [***]

Woodroffe argues that his plea was not knowing and voluntary[1] because his agreement was for combined sentencing of both his guilty plea offenses and his robbery, if he was convicted after trial. His theory is that he would then have received credit for

---

5. *See Booker*, 125 S.Ct. at 769.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

time served from the Department of Corrections against all the sentences, but because he was sentenced on the guilty plea offenses before the robbery trial, his credit for time served applied only to the guilty plea offenses.

He argues that there is nothing to defer to in the state court decision, because it missed the issue. Though terse and inclusive of Woodroffe's whole shotgun-load of issues, the state circuit court decision, affirmed by the state appellate court, did indeed say that Woodroffe had not established his claims. The state decision is not an "unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." [2] Nor would it change the outcome had the Oregon Circuit Court not meant to speak to the contention before us, because Woodroffe has not demonstrated that Oregon acted contrary to the Supreme Court decision entitling him to the benefit of his plea bargain.[3]

Woodroffe did evidently have a hope and expectation of simultaneous sentencing on the guilty plea offenses and the robbery case, if he was convicted after trial, but his hope and expectation appear from the record to have been unilateral rather than part of his plea agreement. Hope and expectation are not the same thing as a deal.

Woodroffe's best evidence is that at the end of his change of plea proceeding, his lawyer said "we're in agreement" that his sentencing in the guilty plea offenses "should take place after" his robbery trial, and the prosecutor said "Very well. It doesn't matter." This does not show that simultaneous sentencing with consequential credit for time served applied against all the offenses was part of Woodroffe's plea agreement. The exchange came after the plea had been received and accepted, and after the recitation of the plea agreement. The context was in response to the court's turning its attention to scheduling the sentencing, not in the context of describing the plea agreement.

The agreement was not for delay of sentencing, but for a fourteen-month cap on sentencing for the guilty plea offenses. At the change of plea hearing, Woodroffe's lawyer carefully and precisely recited the terms of the agreement for each case and count, and then said "that is the extent of the negotiations." He did not purport to make delay of sentencing, until after the robbery trial, part of the deal. The prosecutor said that the recitation was accurate, and emphasized that "we're not addressing" the robbery counts to be tried later. The "agreement" mentioned after the plea had been accepted, about holding the sentencing after the robbery trial, was in the context of the discussion and agreement about scheduling, not an agreement about the terms of the guilty plea.

Although Woodroffe said at his sentencing that sentencing "was supposed to be held pending the robbery case," he did not then ask to withdraw his plea, as he could be expected to do if his plea agreement had been violated. His lawyer did not claim that delaying the sentencing was part of his plea agreement. All Woodroffe requested at his sentencing was that he be kept in jail locally instead of being sent off to prison, so that he could help with preparation for his robbery trial.

Woodroffe's lawyer's affidavit filed in the state post-conviction proceeding says that Woodroffe got the benefit of his bargain, which was a fourteen-month cap. That is consistent with the rest of the

---

**2.** 28 U.S.C. § 2254(d)(2).

**3.** *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

record. Woodroffe get the deal he bargained for and his plea was knowing and voluntary. There was nothing unreasonable about the state court determination of the facts [4] and the decision was not "contrary to," nor "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." [5]

AFFIRMED.